1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7   JAMES E. BRYANT,                         CASE NO. 1:07-CV-01657 AWI DLB PC

8               Plaintiff,                   ORDER REMANDING ACTION TO
                                             KINGS COUNTY SUPERIOR COURT
9        v.
                                            (Doc. 1)
10  KEN CLARK et al.,

11              Defendants.

12  _____/
13

14        This is a civil action filed by plaintiff James E. Bryant ("plaintiff"), a state prisoner

15  proceeding pro.  The action was removed from the Kings County Superior Court to this Court by

16  defendants Clark and Silva ("defendants") on November 16, 2007.

17        Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which

18  the district courts of the United States have original jurisdiction."  Federal courts "shall have original

19  jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

20  28 U.S.C. § 1331.  Because of the "Congressional purpose to restrict the jurisdiction of the federal

21  courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas

22  Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480,

23  1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of

24  removal in the first instance."  Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th

25  Cir. 1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made

26  to removal, and even if both parties stipulate to federal jurisdiction."  Rains v. Criterion Systems,

27

28        [1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited
       jurisdiction."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1

1    Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

2         In their notice of removal, defendants state:

3

4         In his Complaint, plaintiff alleges that Defendant Silva, a correctional officer,
         knowingly deprived him of his medically prescribed cotton blanket.  Plaintiff

5         asserts that he was prescribed this cotton blanket because he has arthritis in nearly
         ninety percent of his body and needed the additional warmth.  Plaintiff also alleges

6         that Defendant Clark, as Warden of California Substance Abuse and Treatment
         Facility (CSATF), promulgated the policy that permitted this deprivation.  As

7         alleged, Plaintiff's claims are founded on deliberate medical indifference, in
         violation of the Eighth Amendment right to be free from cruel and unusual

8         punishment."                                              (Doc. 1, p.2:7-14.)

9         "The presence or absence of federal-question jurisdiction is governed by the well-pleaded

10   complaint rule, which provides that federal jurisdiction exists only when a federal question is

11   presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc., v. Williams,

12   482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff

13   the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."

14   Id.

15         Defendant's contention that this action arises under federal law is not supported by a review

16   of plaintiff's complaint.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979)

17   (existence of federal jurisdiction determined by the complaint at the time of removal).  Although

18   plaintiff could have brought this action in this Court pursuant to 42 U.S.C. § 1983 and alleged that

19   defendant violated his rights under the United States Constitution, he did not do so.  Plaintiff's

20   decision to file suit in state court utilizing a state civil complaint form alleging state law claims

21   demonstrates that plaintiff exercised his right to rely exclusively on state law.  Caterpillar, Inc., 482

22   U.S. at 392.

23         This Court lacks subject matter jurisdiction over this action and therefore this Court

24   ORDERS that this action be remanded back to King County Superior Court.

25         IT IS SO ORDERED.

26   **Dated:   November 3, 2008**          _____ /s/ **Dennis L. Beck** _____
                                            UNITED STATES MAGISTRATE JUDGE
27

28